**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| IN RE DOMINO'S PIZZA, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 2:25-cv-10289-LVP-APP |
| This Document Relates to: | (Consolidated) |
| ALL ACTIONS | The Hon. Linda V. Parker |

[Additional caption on following page]

MICHAEL WALKER, derivatively on behalf )
of DOMINO'S PIZZA, INC., )
                                   )
      Plaintiffs, )    Case No. 2:26-cv-10501-LVP-APP
                                   )
      vs. )    The Hon. Linda V. Parker
                                   )
RUSSELL WEINER, SANDEEP REDDY, )
JOSEPH H. JORDAN, ARTHUR P. D'ELIA, )
ANDREW BALLARD, ANDREW BALSON, )
CORIE BARRY, DAVID BRANDON, )
DIANA CANTOR, RICHARD FEDERICO, )
JAMES GOLDMAN, and PATRICIA LOPEZ, )
                                   )
      Defendants, )
                                   )
      and )
                                   )
DOMINO'S PIZZA, INC., )
                                   )
      Nominal Defendant. )
                                   )

## ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS

WHEREAS, on January 30, 2025, Plaintiff Patrick Ayers filed a verified shareholder derivative complaint in this Court (the "*Ayers* Action") on behalf of Domino's Pizza, Inc. ("Domino's"), against defendants Russell Weiner, David A. Brandon, C. Andrew Ballard, Andrew B. Balson, Corie S. Barry, Diana F. Cantor, Richard L. Federico, James A. Goldman, Patricia E. Lopez, and Sandeep Reddy, asserting claims for breach of fiduciary duties, unjust enrichment, and insider selling;

WHEREAS, on March 12, 2025, Plaintiff Daran Joshi filed a verified shareholder derivative complaint in this Court (the "*Joshi* Action"), on behalf of Domino's, against defendants Russell Weiner, David A. Brandon, C. Andrew Ballard, Andrew B. Balson, Corie S. Barry, Diana F. Cantor, Richard L. Federico, James A. Goldman, Patricia E. Lopez, and Sandeep Reddy asserting claims for breach of fiduciary duties, aiding and abetting breach of fiduciary duty, unjust

enrichment, waste of corporate assets, and for contribution against Defendants Reddy and Weiner under Sections 10(b) and 21D of the Securities Exchange Act of 1934;

WHEREAS, on April 18, 2025, the Court entered an order (the "Consolidation Order") consolidating the *Ayers* and *Joshi* Actions under the caption *In re Domino's Pizza, Inc. Stockholder Derivative Litigation*, Lead Case No. 2:25-cv-10289-LVP-APP (the "Consolidated Action");

WHEREAS, on February 12, 2026, Plaintiff Michael Walker filed a filed a verified shareholder derivative complaint in this Court (the "*Walker* Action"), on behalf of Domino's, against defendants Russell Weiner, David A. Brandon, C. Andrew Ballard, Andrew B. Balson, Corie S. Barry, Diana F. Cantor, Richard L. Federico, James A. Goldman, Patricia E. Lopez, Sandeep Reddy, Joseph H. Jordan, and Arthur P. D'Elia asserting claims for breach of fiduciary duties, unjust enrichment, waste of corporate assets, violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and for contribution against Defendants Reddy, Weiner, Jordan, and D'Elia under Sections 10(b) and 21D of the Securities Exchange Act of 1934;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, paragraph 11 of the Consolidation Order states that:

This Order shall apply to each related purported shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Domino's Pizza, Inc. Stockholder Derivative Litigation*, Case No. 2:25-cv-10289-LVP-APP, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case

that might properly be consolidated as part of *In re Domino's Pizza, Inc. Stockholder Derivative Litigation*, Case No. 2:25-cv-10289-LVP-APP, and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated into the Consolidated Derivative Action.

THEREFORE, the Court orders, as follows:

1.      Consistent with the Consolidation Order, the *Walker* Action shall be consolidated for all purposes, including pre-trial proceedings and trial, into the Consolidated Action.

2.      All documents previously filed and/or served in the *Walker* Action shall be deemed part of the record in the Consolidated Derivative Action.

IT IS SO ORDERED.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 27, 2026